UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN J. FRANK** | : | **DOCKET NO. 2:18-cv-1469** |
| D.O.C. # 329734 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jonathan J. Frank, who is proceeding *pro se* in this matter. Frank is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

Frank brings this petition to attack his 2014 conviction in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, of one count of aggravated rape, a violation of Louisiana Revised Statute § 14:42. He challenges the conviction based on a claim of ineffective assistance

of counsel. He has challenged the same conviction through another petition for writ of habeas corpus, pending in this court under *Frank v. Vannoy*, No. 2:18-cv-1432. There he also seeks relief based on a claim of ineffective assistance of counsel.

## II.
## LAW & APPLICATION

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), prohibits repeated, abusive challenges to the same conviction. Accordingly, the following restrictions are placed on "second or successive" habeas petitions:

> **(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). However, a petition is not second or successive unless it is "filed subsequent to the **conclusion** of 'a proceeding' that 'counts' as the first." *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) (emphasis added).[1] Instead, a second habeas petition filed while the first is still pending should be treated as a motion to amend the first petition. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Accordingly, this petition must be recharacterized and filed in the petitioner's first § 2254 proceeding. That action is currently deficient because of the petitioner's failure to pay the filing fee or submit an application to proceed in forma pauperis. Once this deficiency has been corrected, the court will consider this petition as an amended complaint.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** and that the petition and attachments instead be filed in *Frank v. Vannoy*, No. 18-1432 (W.D. La.), as a motion to amend the complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[1] *Ching* deals with a successive motion under 28 U.S.C. § 2255, but the term "second or successive" is a general "habeas term of art." *Magwood v. Patterson*, 130 S.Ct. 2788, 2797–99 (2010) (quoting *Slack v. McDaniel*, 120 S.Ct. 1595 (2000)). Therefore we borrow freely from § 2255 cases to aid in our interpretation of the term.

-4-

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 14th day of November, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE